IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TERRY HEAGY                                                                                    PLAINTIFF

VS.                                                                                    No. 1:05CV112-D-D

HARTFORD LIFE INSURANCE COMPANY                                              DEFENDANT

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently pending before the Court is the Defendant's motion for summary judgment. Upon due consideration, the Court finds that the motion shall be granted.

*A. Factual Background*

The Plaintiff originally filed this action in the Circuit Court of Lee County, Mississippi, on April 26, 2005. The Plaintiff seeks the recovery of contractual, emotional distress, and punitive damages in relation to the Defendant's denial of Plaintiff's claim for long-term disability ("LTD") benefits. The LTD benefits were under an employee welfare benefit plan sponsored and maintained by the Plaintiff's former employer, Genlyte Thomas Group, LLC ("Genlyte"). The LTD benefits were funded by a group insurance policy issued by the Hartford Life and Accident Insurance Company ("Hartford"). Genlyte is the plan sponsor and administrator of the plan, which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. §1001, *et seq.*

The employee welfare benefit plan set up by Genlyte was governed by terms and conditions set out in the certificate of insurance. Those terms and conditions set out the benefits provided, the claims submission process, the process to appeal denied claims, coverage eligibility, and when the termination of coverage. Under the terms of Genlyte's plan, Hartford has "full discretion and authority to determine eligibility for benefits and construe and interpret all terms and provisions of the Group Insurance Policy."

A participant in the employee welfare benefits plan was entitled to LTD benefits if they became disabled under the policy. The policy states that someone is disabled if they are injured or suffer from (1) accidental bodily injury, (2) sickness, (3) mental illness, (4) substance abuse, or (5) pregnancy that prevents the employee from performing one or more of the essential duties of the employee's occupation. An essential duty is on that is (1) substantial, not incidental, (2) fundamental or inherent to the occupation, and (3) cannot be reasonably omitted or changed. So, an employee is eligible for LTD benefits if he or she is unable to perform one or more of the essential duties of his or her occupation.

The Plaintiff worked as an international sales service manager for Genlyte until May 18, 1999. The Plaintiff's essential duties included: (1) providing all international sales quotes, (2) make sure all international orders were entered into the system, (3) ensure that customer service was provided to all international clients, (4) coordinate shipping schedules and maintain close contact with customs brokers and freight forwarders to ensure timely shipments, (5) host foreign visitors and plan their agendas, (6) manage any order or shipment problems, and (7) monitor letters of credit.

On October 19, 1999, the Plaintiff applied for LTD benefits, stating that his last day of work was May 17, 1999, and that he was suffering from impulse control disorder and severe depression. The Plaintiff attached an attending physician's statement, stating that the Plaintiff's primary diagnosis was impulse control disorder. The secondary diagnosis was adjustment disorder with a depressed mood. Dr. Jeff Kendall stated that is was his professional opinion that the Plaintiff could not return to work. The Plaintiff also saw other professionals, but none of them stated conclusively that the Plaintiff was prevented by his mental disorder from performing his occupational duties.

Upon review of his medical records, the Defendant concluded that the Plaintiff had not established that he was entitled to LTD benefits. The Defendant sent a denial letter to the Plaintiff

on July 10, 2000, stating that after reviewing the medical opinions Hartford could find no support for the conclusion that the Plaintiff's medical condition prevented him from performing any of the essential duties of his occupation.

The Defendant claims that after July 10, 2000, it received no further communication from the Plaintiff until counsel for Plaintiff wrote a letter requesting Hartford reverse its decision in March 28, 2002. The letter enclosed a copy of the Social Security Administration's notice of an award of disability benefits to the Plaintiff. Hartford responded by letter on May 3, 2002, informing the Plaintiff that Hartford had reviewed the file, and enclosed the July 10, 2000, letter denying Plaintiff's claims. The letter also informed the Plaintiff and Plaintiff's counsel about the appeals process. The next communication occurred when the Plaintiff filed this action on March 31, 2005, in Lee County, Mississippi.

The Plaintiff claims that Hartford has not yet ruled on its two requests for a review of its initial decision. The Plaintiff also states that the reports of the doctors are available for review by Hartford. The Plaintiff states that no doctor has cleared him to return to work. The Plaintiff argues that he is a threat to his co-workers.

The Defendant now moves this Court to grant it summary judgment on all of Plaintiff's claims. The Defendant states that ERISA governs this action and that ERISA preempts all of Plaintiff's state law claims. In addition, the Defendant argues that the Plaintiff's claims are barred by the statute of limitation. The Defendant further argues that the Plaintiff's suit is barred because he failed to exhaust his administrative remedies.

The Plaintiff argues that he is entitled to summary judgment because he has proved that the Defendant wrongfully denied his claim for LTD benefits. The Plaintiff claims that the Defendant has failed to dispute that claim. In addition, the Plaintiff claims that he never received a decision on

his appeal to Hartford and thus, the statute of limitations has not run.

The Court combines both parties' motions for summary judgment as one.

### B. *Standard of Review*

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing'...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

### C. *Discussion*

1. ERISA

The Employee Retirement Income Security Act, better known by its acronym ERISA, was enacted to protect participants in employee benefit plans and their beneficiaries, by requiring disclosure and reporting of information, establishing standards of conduct, responsibility and obligation for fiduciaries of employee benefit plans, and providing remedies, sanctions and access to federal courts. 29 U.S.C. §§ 1001, et seq; Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 44, 107 S. Ct. 1549, 1551, 95 L. Ed. 2d 39 (1987). ERISA is a comprehensive piece of legislation intended to, almost, exclusively regulate employee benefit plans which the Act has expansively defined. 29 U.S.C. § 1003(a).

To ensure uniform application, ERISA has broadly preempted state law that "may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Preemption is required and state law causes of action are barred when "(1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities - the employer, the plan and its fiduciaries, and the participants and beneficiaries." Hubbard v. Blue Cross & Blue Shield Ass'n, 42 F.3d 942, 945 (5th Cir 1995). ERISA preempts "any state law that refers to or has a connection with an ERISA plan even if that law (I) is not specifically designed to affect such plans, (ii) affects such plans only indirectly, or (iii) is consistent with ERISA's substantive requirements." Hook v. Morrison Milling Co., 38 F.3d 776, 781 (5th Cir. 1994) (internal citations omitted).

Preemption is warranted when a state law cause of action "relates to" the administration of an employee benefit plan. See Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 138-39, 111 S. Ct. 478, 112 L. Ed. 2d 474 (1990); Haynes v. Prudential Health Care, 313 F.3d 330, 333-337 (5th Cir.

2002) (explaining the difference between complete and express preemption, and allowing preemption of state law negligence claim because the HMO's decision was primarily administrative in nature as opposed to medical.). Applying this test, a state law "relates to an employee benefit plan whenever it has a connection with or reference to such a plan." Hubbard, 42 F.3d at 945. "Preemption applies to bar state law claims 'even if the action arises under general state law that in and of itself has no impact on employee benefit plans.'" Saldana v. Aetna U.S. Healthcare, 233 F. Supp. 2d 812, 816 (S.D. Miss. 2002) (quoting, Lee v. DuPont de Nemours & Co., 894 F.2d 755 (5th Cir. 1990)).

Upon review of the administrative record and the parties' pleadings and attached exhibits, the Court is satisfied that the LTD benefits plan fits under the purview of ERISA. The Plaintiff did not dispute this fact, and in the Case Management Conference, Magistrate Judge Jerry Davis found that this was an ERISA case. Magistrate Davis entered an order on October 2, 2005, stating "Having conducted a telephonic case management conference in the **ERISA** case, the Court finds that a scheduling order is unnecessary. This case is placed on the administrative track and the clerk of court is directed to place the case on the non-jury docket." The Plaintiff never objected to the language in that order. Therefore, the Court finds that the subject employee welfare benefits plan is governed by ERISA.

Having determined that LTD benefits plan is governed by ERISA, the Court must now determine if the Plaintiff's state law claims are preempted. The Court notes that is glaring that the Plaintiff did not dispute the Defendant's preemption claim. The Court finds that the Plaintiff's claims are in response to a denial of benefits under the LTD benefits plan. That action is within the purview of the administration of an ERISA plan. Therefore, the Court finds that the Plaintiff's

claims are preempted by ERISA. Plaintiff's remedy would be found under ERISA's civil enforcement scheme, not state law claims. See 29 U.S.C. §1132(a)(1)(B). Thus, the Court finds that there are no issues of genuine material fact and the Defendant is entitled to judgment as a matter of law.

2.  Statute of Limitations

Next, the Court considers whether the Plaintiff's claims are barred by the statute of limitations. Congress has provided a uniform statute of limitations on breach of fiduciary duty actions. 29 U.S.C. § 1113. That limitation period is either six years from the date of the last action that constituted a breach of fiduciary duty, or three years from the earliest date when the Plaintiff had actual knowledge of the breach or violation. 29 U.S.C. § 1113(a)(1) and 29 U.S.C. § 1113(a)(2). However, ERISA does not provide a statute of limitation for an action to enforce plan rights. 29 U.S.C. § 1132. Thus, the Court must apply the statute of limitations most analogous to the cause of action raised. Hogan v. Kraft Foods, 969 F.2d 142, 145 (5th Cir. 1992); Kennedy v. Electricians Pension Plan, IBEW #995, 954 F.2d 1116, 1120 (5th Cir. 1992). In light of Plaintiff's claim for wrongful denial of benefits, the Court finds that the applicable statute of limitations is Mississippi's catch-all statute of limitations found at Miss. Code Ann. § 15-1-49. That statute provides that all actions without a specific period of limitation must be commenced within three years after the cause of action occurred. Id.

The Plaintiff claims that the Defendant has never issued a final denial of the claim. The Court finds that the Defendant issued a final denial of the claim on July 10, 2000. The Defendant sent a letter stating it was denying Plaintiff's request for benefits and the reasons associated with that denial. The Plaintiff never responded until April 2002. The Court finds that the denial was final on

July 10, 2000. Here, the Plaintiff did not file this action until April 26, 2005. Resultantly, the statute of limitations bars this action. Therefore, the Court finds that the Defendant is entitled to judgment as a matter of law.

3. Failure to Exhaust Administrative Remedies

It is well established that a claimant under ERISA must exhaust his administrative remedies before filing suit under § 1132(a)(1)(B). See Bourgeois v. Pension Plan for Employers of Santa Fe Intern. Corporations, 215 F.3d 475, 479 (5th Cir. 2000); Medina v. Anthem Life Ins. Co., 983 F.2d 29, 33 (5th Cir. 1993), *cert. denied*, 510 U.S. 816, 114 S. Ct. 66, 126 L. Ed. 2d 35 (1993); Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1199 (2d Cir. 1989); Weldon v. Kraft, Inc., 896 F.2d 793, 800 (3d Cir. 1990). The Fifth Circuit stated that Congress intended for the ERISA trustees to be responsible for the actions of the plan administrators and not the federal courts. Id. at 479 n. 4 (citations omitted). Thus, the Plaintiff must show that he exhausted his administrative remedies.

In the letter denying the claim, the Defendant informed the Plaintiff that he had sixty days to make a written request for a review of the Defendant's decision. The Plaintiff made no such contact with the Defendant until March 28, 2002. That letter does not appear to be an appeal on its face, but if it was, it was extremely untimely. Thus, the Plaintiff failed to exhaust his administrative remedies and his suit is barred. A Plaintiff who does not appeal or timely appeal prior to bringing suit is barred from filing suit for benefits. Cooperative Benefit Administrators, Inc. v. Ogden, 367 F.3d 323, 336 (5th Cir. 2004). Therefore, the Court finds that the Plaintiff's suit is barred because he failed to submit a timely appeal and exhaust his administrative remedies. Thus, the Defendant is entitled to judgment as a matter of law.

*D. Conclusion*

In sum, the Court finds that the LTD benefits plan in this case is governed by ERISA. Resultantly, the Plaintiff's claims for wrongful denial of benefits are preempted by ERISA. In addition, the Court finds that the Plaintiff's claim is barred by the statute of limitations because he failed to file this action within three years of the denial of benefits. The Court further finds that the Plaintiff failed to exhaust his administrative remedies and is barred from bringing suit. Therefore, there are no issues of material fact and the Defendant is entitled to judgment as a matter of law.

A separate order in accordance with this opinion shall issue this day.

This the 26th day of June 2006.

<u>Glen H. Davidson</u>
Chief Judge
